# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BUMGU KIM | : | |
| | : | |
| | : | |
| v. | : | Crim. No. CCB-07-0395 |
| | : | (Civil No. CCB-12-884) |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |

## MEMORANDUM

Bumgu Kim is serving a 120-month sentence in the custody of the United States Bureau of Prisons after pleading guilty to conspiracy to distribute and possess with intent to distribute methylenedioxymethamphetamine ("MDMA") in violation of 21 U.S.C. § 846 and conspiracy to launder money in violation of 18 U.S.C. § 1956(h).  He now attacks that sentence via a motion brought under 28 U.S.C. § 2255.  He argues (1) that the sentencing court improperly calculated the quantity of MDMA foreseeably implicated in his conspiracy when calculating the recommended range of punishment under the United States Sentencing Guidelines and (2) that his counsel's representation was constitutionally inadequate.  No hearing is necessary to the resolution of Kim's motion.  *See* 28 U.S.C. § 2255(b).  For the reasons explained below, that motion will be denied.

## BACKGROUND

Pursuant to a plea agreement, Kim pleaded guilty to conspiring to distribute and possess with intent to distribute more than 200 kilograms of MDMA and to launder proceeds from the sale of those drugs.  (*See* Opp. Mot. Vacate, Ex. 1, Plea Agreement 4–5, ECF No. 78; Opp. Mot. Vacate, Ex. 2, Plea Tr.17–20, ECF No. 78.)  During his plea colloquy, he expressed some

hesitation as to the quantity of MDMA foreseeably implicated in his conspiracy, but ultimately

stipulated as to quantity after his counsel explained, on the record, the concepts of conspiracy

and foreseeability to him.  (*See* Plea Tr. 20.)  Notwithstanding that stipulation, Kim demanded

the government prove for purposes of sentencing the foreseeable quantity of drugs at an

evidentiary hearing.  (*See* Opp. Mot. Vacate, Ex. 3, Evidentiary Hearing Tr. 3–4, ECF No. 78.)

At that hearing, the court concluded that the government had carried its burden of proof.  (*See*

Evidentiary Hearing Tr. 59–62.)  Based in part on the quantity of MDMA foreseeably implicated

in the conspiracy, the court calculated that the Sentencing Guidelines advised a term of

imprisonment of between 151 and 188 months.  (*See* Opp. Mot. Vacate, Ex. 4, Sentencing Tr.

12–13, 44, ECF No. 78.)  After consideration of the factors listed in 18 U.S.C. 3553(a), however,

the court varied from the Guidelines and imposed a sentence of 120 months.  (*See* Sentencing Tr.

45.)  The court reasoned, in part, that as an alien Kim was likely to suffer removal following the

completion of his sentence and that, during his incarceration, he would be "subject to more

stringent conditions in some ways than if he were a U.S. Citizen."  (*See* Sentencing Tr. 44.)

Kim appealed his sentence.  (*See* Notice of Appeal, ECF No. 133.)  Among other claims,

he argued "that the Government failed to meet its burden of proof in establishing the amount of

MDMA attributable to him."  *United States v. Kim*, 411 F. App'x 641, 642 (4th Cir. 2011) (per

curiam).  The Fourth Circuit affirmed in an unpublished per curiam opinion, rejecting Kim's

appeal on that ground and all others.  *Id.* at 643.

## ANALYSIS

### I. Drug Quantity

Kim's prior appeal forecloses his objection to the sufficiency of the evidence supporting

the sentencing court's conclusion as to the quantity of foreseeable MDMA implicated in his conspiracy.  "[I]t is well settled that [a federal prisoner] cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion.'"  *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (quoting *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)).  On appeal to the Fourth Circuit, Kim unsuccessfully attacked the sufficiency of the evidence supporting the sentencing court's drug quantity calculation.  He now asserts that same challenge again.  The court accordingly rejects it.

## II. Ineffective Assistance of Counsel

Kim argues that his attorney rendered ineffective assistance of counsel.  Specifically, Kim asserts that his attorney performed deficiently (1) by failing to allow Kim to possess certain discovery documents, (2) by failing to call as a witness in his evidentiary hearing the forensic chemist who analyzed drugs seized in Kim's case, and (3) by failing to seek a downward departure from the recommended sentencing range on the basis of Kim's status as a removable alien.

When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense.  *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To demonstrate deficient performance, a petitioner must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'"  *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).  To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland*, 466 U.S. at 694.  In the context of a plea bargain, that standard requires proof of "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Kim fails to make either showing here.

Kim first asserts that his counsel's refusal to allow him physical custody of certain discovery obtained from the government constituted deficient performance because it amounted to a violation of due process as construed in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.  He does not allege that he was not allowed to review particular materials, only that he was not allowed to possess them.  As Kim's attorney explained to him in a letter, however, "U.S. Attorney's Office policy does not allow Federal Defendants to have their Discovery at the jail." (Mot. Vacate, Ex. B, Letter from Kramer to Kim, Apr. 30, 2009, ECF No. 234.)  Given the risk of retaliation against cooperating witnesses, the government's policy is reasonable.  Kim has shown no prejudice, and his attorney's compliance with that policy does not amount to deficient performance.

Kim next objects to his attorney's failure to call as a witness at his evidentiary hearing the forensic chemist who analyzed the drugs seized in his case.  Had his attorney done so, Kim argues, that chemist "would have confirmed that the amount of methamphetamine found in the seized drugs was far less than . . . the amount required to trigger a mandatory minimum sentence" under 21 U.S.C. § 841(b)(1)(A)(viii) (Mot. Vacate 26.)  But Kim pleaded guilty to a conspiracy involving MDMA, not methamphetamine, and that crime carries no mandatory minimum sentence.

Kim also argues that the chemist would have demonstrated that the quantity of MDMA in

the analyzed pills was lower than the amount used by the court in its drug quantity

determination.  That drug quantity analysis, however, was not based exclusively on evaluation of

the seized tablets; the court also looked to evidence contained in a drug ledger discovered at

Kim's home, the seizure from a storage locker in October 2007, and recorded phone calls in

which Kim discussed orders for very large quantities of MDMA.  (*See* Evidentiary Hearing Tr.

60–61.)  Indeed, Kim was sentenced on the basis of the quantity of MDMA foreseeably

implicated in his conspiracy, not the quantity of MDMA the government had actually seized and

analyzed.  At the hearing, a DEA drug agent testified that, based on a conservative reading, the

ledger recorded receipt of over 825,000 MDMA tablets.  (*See* Evidentiary Hearing Tr. 37.)  Even

if the chemist's testimony were consistent with Kim's analysis of the data, the quantity of

MDMA recorded in the ledger was over three times greater than that necessary to support Kim's

sentence.  (*See* Evidentiary Hearing Tr. 50.)  Refusing to call such a witness is not deficient

performance.  Even if it were, that deficiency would not have prejudiced Kim's defense.

Last, Kim claims his attorney failed to seek a downward departure on the basis of Kim's

status as a removable alien, which is likely to render his confinement more severe than that of a

citizen.  The record rebuts that contention.  At sentencing, Kim's lawyer *did* emphasize that

Kim's alien status would deprive him of benefits available to citizens, including access to certain

drug counseling programs and good time credits.  (*See* Sentencing Tr. 30.)  And the court

emphasized the increased stringency of Kim's conditions of confinement, as a removable alien,

when explaining its downward departure from the advisory guidelines range.  (*See* Sentencing

Tr. 45.)  There is thus no basis in the record for Kim's claim.

### III. Certificate of Appealability

After a district court denies the entirety of a motion under 28 U.S.C. § 2255, a prisoner may only appeal that decision if a "judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B); *see also* Fed. R. App. P. 22(b)(1). Accordingly, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 & 2255 Proceedings in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court rejects a prisoner's claims on the merits, that standard is met if the prisoner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). Where a district court rejects a prisoner's claims "on procedural grounds without reaching the prisoner's underling constitutional claim," the prisoner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Kim's claims do not meet those standards and no certificate of appealability will issue.

//

//

//

6

**CONCLUSION**

For the reasons stated above, Kim's motion under § 2255 will be denied and a certificate of appealability will not issue.

A separate order follows.


January 13, 2015                                   _____/S/_____
Date                                              Catherine C. Blake
                                                  United States District Judge